UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. FISHER,

        Plaintiff,                      Case No. 2:24-cv-12321

v.

                                        Hon. Brandy R. McMillion
                                        United States District Judge

RENATA PATTON,

        Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Before the Court is Plaintiff Michael D. Fisher's ("Fisher") *pro se* civil rights Complaint filed pursuant to 42 U.S.C. § 1983 against Defendant Renata Patton ("Patton") in her individual and official capacity. ECF No. 1. Fisher has been allowed to proceed *in forma pauperis* – without prepayment of fees. ECF No. 5. This Complaint is now under initial review, as required by the Prisoner Litigation Reform Act ("PLRA"). Because the Complaint fails to state a claim upon which relief can be granted, the Court **SUMMARILY DISMISSES** this matter for the reasons stated below.

**I.**

      Fisher is a state prisoner incarcerated at the Macomb Correctional Facility in New Haven, Michigan. ECF No. 1, PageID.3. He began working as a Prisoner Observation Aid ("POA") in 2018. *Id*. Patton is the Director of Classification at the

1

facility. *Id.* Fisher alleges Patton implemented a payment policy where inmates were only paid $100 in wages in a given month and any wages in excess of $100 were "rolled over" to be paid the following month. *Id.* Fisher alleges Patton owes him money for unpaid wages that he earned while working as a POA. *Id.* He claims he has tried to obtain these wages through the prisoner grievance system without success. *Id.* at PageID.6. Fisher quit his POA role on April 17, 2023, due to his unpaid wages exceeding $500.

Fisher now files this civil rights complaint for compensatory damages, and declaratory and injunctive relief against Patton, seeking to be paid the excess wages. He asserts Patton's actions caused him to resign from his job, denying him the right to have a prison job.

## II.

Under the PLRA, the Court is authorized to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). In making this determination, the Court liberally construes *pro se* complaints. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint will be found frivolous if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). And *sua sponte* dismissal is appropriate if the complaint lacks an

arguable basis when filed. *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III.

Construing the complaint liberally, the best the Court can decipher is that Fisher alleges violations of the Due Process clause and an unconstitutional deprivation of property.[1] However, both claims require Fisher's complaint to plead a plausible claim under § 1983. To state a *prima facie* federal civil rights claim

---

[1] Fisher also alleges a violation of the Internal Revenue Code ("IRC"). However, he alleges no facts to establish any liability under the IRC. And even in liberally construing complaints, Courts are not required to conjure up facts to state a claim for relief. *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

3

under 42 U.S.C. § 1983, a plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). A complaint can also be dismissed "on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law." *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013).

Here, Fisher alleges Patton deprived him of earned wages in violation of his due process rights. However, the Court finds Patton's actions did not deprive Fisher of a constitutionally protected right. It is well established in this Circuit that prisoners do not have a constitutional right to a particular job or to any job. *See Ivey v. Wilson*, 83 F.2d 950, 955 (6th Cir. 1987); *see also Clegg v. Bell,* 3 F. App'x 398, 399 (6th Cir. 2001) (a state prisoner has no right to a specific prison job). And since federal law does not create a property right for inmates in a job, it follows inmates have no right to wages for work performed. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Miller v. Campbell*, 108 F. Supp.2d 960, 967 (W.D. Tenn. 2000). Therefore, Fisher cannot establish a *prima facie* case under § 1983, and his complaint fails to state a claim upon which relief can be granted.

The Court also notes that sovereign immunity bars Fisher's claims against Patton in her official capacity. Sovereign immunity protects states and their agencies

4

from suits for money damages. *See Alden v. Main*, 527 U.S. 706, 713 (1999). It also bars actions brought against state employees in their official capacity because, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Here, Fisher is suing Patton in her official capacity as an employee of the Macomb Correctional Facility (as a staff member and its Director of Classification). And since Fisher raises claims for money damages totaling $355,000, the Court finds that sovereign immunity bars these claims against Patton in her official capacity.

## IV.

Accordingly, because Fisher fails to state a claim upon which relief can be granted, the Court hereby summarily **DISMISSES WITH PREJUDICE** the Complaint (ECF No. 1) in its entirety.

**This is a final order that closes the case.**

**IT IS SO ORDERED.**

Dated: October 25, 2024          s/Brandy R. McMillion
    Detroit, Michigan          BRANDY R. MCMILLION
                                            United States District Judge